IN the MATTER OF DISCIPLINARY
PROCEEDINGS AGAINST Ryan D. LISTER,
Attorney at Law.

Supreme Court

*No. 85–1356–D. Filed January 29, 1986.*
(Also reported in 380 N.W.2d 370.)

453

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

The referee recommended that Attorney Ryan D. Lister be publicly reprimanded for unprofessional conduct, which consisted of the neglect of a client's legal matters, in violation of SCR 20.32(3), the failure to carry out a contract of employment with a client, in violation of SCR 20.35(1)(b), and conduct constituting misrepresentation, in violation of SCR 20.04(4). The referee also recommended that Attorney Lister be required to pay the costs of this disciplinary proceeding. We agree that a public reprimand is appropriate discipline for Attorney Lister's unprofessional conduct.

Attorney Lister was admitted to practice law in Wisconsin in 1976 and practiced in Evansville until August of 1984. Since that time, he has not been actively engaged in the practice of law, although he has prepared deeds and leases and has done a small amount of legal work involving real estate matters. He has not been the subject of a prior disciplinary proceeding. The referee is Attorney Charles S. Van Sickle.

The referee made findings of fact based upon a stipulation of the parties. In February, 1982, a bank retained Attorney Lister to collect a debt from three persons engaged in a farming business. Attorney Lister told his client he would commence an action against the three and would petition the federal court to reopen a bankruptcy proceeding in which one of the debtor's had been discharged on the ground that there was a failure to disclose assets in the bankruptcy. Attorney Lister then prepared

pleadings to be filed in circuit court and an application to reopen the bankruptcy proceeding, but he failed and neglected to file the pleadings and failed and neglected to file the application in the federal court within the statutory time period.

When the client inquired into the status of the matters, Attorney Lister told the bank that he had filed the pleadings in circuit court and that hearings had been scheduled for six specific dates but that those hearings had not been held because of crowded court calendars. Attorney Lister also told his client that he had filed the application to reopen the bankruptcy proceeding but that the court would not act upon that application until the circuit court had determined the validity of the bank's claim for judgment against the debtors. In fact, however, Attorney Lister had never filed the pleadings in circuit court and no hearings had been scheduled. Also, Attorney Lister had never filed an application to reopen the bankruptcy proceeding.

The referee concluded that Attorney Lister's failure to pursue his client's claim constituted neglect of a client's legal matters, in violation of SCR 20.32(3), and a failure to carry out a contract of employment with his client, in violation of SCR 20.35(1)(b). The referee further concluded that Attorney Lister's statements to his client concerning the status of its claim and his actions taken on its behalf constituted misrepresentation, in violation of SCR 20.04(4).

In response to the court's order to show cause concerning whether Attorney Lister should be required to make restitution to his client for harm caused by his unprofessional conduct, the Board of Attorneys Professional Responsibility (Board) reported that the bank subsequently obtained other counsel and brought an action against the debtors in circuit court and that the action remained pending. The Board also stated that the bank had filed a notice of claim with the professional liability

insurance carrier whose policy covered Attorney Lister for the period during which his conduct occurred. It appeared that the claim had not been formally pursued pending the outcome of the civil action.

We accept the referee's findings of fact and conclusions of law, and we agree that a public reprimand is appropriate discipline for Attorney Lister's unprofessional conduct in this matter.

IT IS ORDERED that Attorney Ryan D. Lister is publicly reprimanded for unprofessional conduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Attorney Ryan D. Lister pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing by Attorney Lister of his inability to pay the costs within the time specified, the license of Attorney Ryan D. Lister to practice law in Wisconsin shall be suspended until further order of the court.